LEONA FIGUEIRA, on behalf of KOLINA SILVA, Petitioner-Appellant,
v.
THOMAS FREITAS SILVA, JR., Respondent-Appellee.
No. 28157
Intermediate Court of Appeals of Hawaii.
March 11, 2008.
On the briefs:
Nicole Forelli, Legal Aid Society of Hawai`i for Petitioner-Appellant

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA, AND FUJISE, JJ.
Petitioner-Appellant Leona Figueira (Mother), on behalf of her daughter Kolina Silva (Daughter), appeals from the August 24, 2006, "Order Dissolving Temporary Restraining Order [(TRO)] for Protection" (the Dissolution Order) issued by the Family Court of the Second Circuit (family court).[1] The Dissolution Order dissolved the prior TRO granted against Daughter's father, Respondent-Appellee Thomas Freitas Silva, Jr. (Father).
On appeal, Mother challenges the family court's findings of fact and conclusions of law that: 1) Daughter's injuries were caused by her refusal to obey Father's command to get into the car; 2) Father's use of force constituted justifiable parental discipline and therefore no act of domestic abuse had occurred; and 3) a protective order was not necessary to prevent future acts of domestic abuse. We affirm.

I.

A.
Mother and Father were divorced and shared joint legal custody of Daughter. Mother had primary physical custody of Daughter, and Father retained the right to reasonable visitation.
On the evening in question, Daughter was fifteen years old. Daughter had missed two scheduled times for being picked up by Mother. Mother did not know where Daughter was and assumed that Daughter would find her way to the Maui Beach Hotel, where they had been residing.
At 9:40 in the evening, Daughter was in a church parking lot with Matt, her sister Ashley's twenty-year-old boyfriend, and a twenty-eight-year-old male friend. Ashley informed Father of Daughter's whereabouts, and Father told Daughter over the phone that he would pick her up. Daughter told Father not to come because Mother was going to pick her up, but Father insisted.
When Father arrived, Daughter refused to get into Father's car. Father then got out of his car, grabbed Daughter, and attempted to force her into his car. Daughter struggled with Father and resisted his repeated attempts to push her into the car. Daughter eventually managed to run away, and she called the police on her cell phone. According to Daughter, the police did not believe her version of events.
Mother picked up Daughter at the police station and took her to the hospital. Daughter had minor bruising to her ribs.

B.
Mother, on behalf of Daughter, filed an ex parte petition for a TRO against Father, which the family court granted on August 11, 2006. On August 24, 2006, a hearing was held to determine if the family court would issue a protective order against Father.[2] After hearing the testimony of Mother and Daughter, the family court stated that it did not need to hear from Father. The court ruled that Mother (the petitioner) had failed to establish her entitlement to a protective order, and the court ordered that the TRO be dissolved. The court filed its Dissolution Order on August 24, 2006, and its Findings of Fact and Conclusions of Law on October 10, 2006.

II.
After a careful review of the record, we affirm the Dissolution Order of the family court. Mother had the burden of proving the underlying allegations by a preponderance of the evidence in order to have the restrictions imposed by the TRO continue in effect through the issuance of a protective order. Kie v. McMahel, 91 Hawai`i 438, 442, 984 P.2d 1264, 1268 (App. 1999). In determining whether Mother satisfied her burden of proof, it was the province of the family court, as the trier of fact, to assess the credibility of witnesses and the weight of the evidence. See In re Doe, 95 Hawai`i 183, 190, 20 P.3d 616, 623 (2001). With these principles in mind, we resolve the issues raised by Mother as follows:
1. There was substantial evidence to support the family court's finding that Daughter's injuries were caused by Daughter's refusal to obey Father's command to get into the car. The evidence showed that Father only resorted to the use of force after Daughter rejected his verbal command to get into the car. Daughter would not have been injured if she had obeyed Father's command or had not resisted his attempts to place her in the car.
2. The family court did not err by concluding that the force Father used against Daughter constituted permissible parental discipline and not domestic abuse. See Hawaii Revised Statutes (HRS) § 586-5.5 (2006 Repl.) (authorizing the issuance of a protective order where necessary to prevent domestic abuse or a recurrence of abuse). To constitute justifiable parental discipline, the force used by a parent: 1) must be "with due regard for the age and size of the minor;" 2) must be "reasonably related to the purpose of safeguarding or promoting the welfare of the minor;" and 3) must not be "designed to cause or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage." HRS § 703-309(1) (1993).
Given the facts found by the family court, it did not err in concluding that Father's use of force fell within the parameters of allowable parental discipline. Although Daughter testified that Father employed more extensive force than found by the family court, it was the prerogative of the family court to disbelieve this aspect of Daughter's testimony.
3. The family court did not err in concluding that a protective order was not necessary to prevent future acts of domestic abuse. See HRS § 586-5.5(a) (requiring the court to find that "a protective order is necessary to prevent domestic abuse or a recurrence of abuse" in order to issue a protective order). The family court's conclusion was supported by its factual findings and the evidence presented.

III.
We affirm the family court's August 24, 2006, "Order Dissolving Temporary Restraining Order for Protection."
NOTES
[1] The Honorable Richard T. Bissen, Jr. presided.
[2] Under Hawaii Revised Statutes (HRS) § 586-5.5 (2006 Repl.), "[t]he protective order may include all orders stated in the temporary restraining order and may provide for further relief as the court deems necessary to prevent domestic abuse or a recurrence of abuse[.]"